# CHANGE of PLEA AGREEMENT

**UNITED STATES OF AMERICA**                         Docket No: 6:22-po-00063-HBK

v.

**RYAN KEMPF**

This agreement is entered into by and between the United States of America through its lawful representative, the Defendant and counsel for the Defendant. The terms of this Written Plea Agreement are as follows:

In exchange for the Defendant's plea of guilty to:

> **Violation Number E1169101:** Delivering or retrieving a person or object by airborne means, in violation of Title 36 Code of Federal Regulations § 2.17(a)(3)
> **Maximum penalty: 6 months imprisonment, 5 years probation, and/or $5,000 fine**

## JOINT RECOMMENDATION BY THE PARTIES:

### CUSTODY

The Defendant is sentenced to 7 day(s) imprisonment with the Bureau of Prisons.

### FINE PAYMENT

The Defendant shall pay a fine as follows:
A fine of $ N/A plus a $ 10 Statutory Assessment, total of $ 10.

### FACTUAL BASIS

If this matter proceeded to trial, the United States would establish the following facts beyond reasonable doubt, which the Defendant agrees are true and correct:

On or about May 30, 2021, in Yosemite National Park, RYAN KEMPF delivered himself into El Capitan Meadow, via parachute, in violation of Title 36 Code of Federal Regulations Section 2.17(a)(3).

## PRIOR CRIMINAL HISTORY

The Defendant understands that the Court will be notified of his prior criminal history:

    April 2008 – DUI Alcohol – Misdemeanor – Convicted – San Bernardino, CA – 15 days jail, 36 months probation, fine

    September 2009 – Battery with serious bodily harm – Misdemeanor – Convicted – San Bernardino, CA – 60 days jail, 36 months probation, fine

    April 2011 – DUI Alcohol – Misdemeanor – Convicted – 6 months jail, 36 months probation

## ACKNOWLEDGMENTS and WAIVER of RIGHTS by DEFENDANT

The Defendant has read the charges against him and fully understands the nature and element of the crime(s) to which he is pleading guilty, together with the possible defenses thereto.

Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

The Defendant acknowledges that this plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction and sentence. This waiver of appeal includes, but is not limited to, an express waiver of Defendant's right to appeal his plea, conviction and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742, and Defendant further agrees not to contest his plea, conviction and sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    (a) If Defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial would be a trial by a judge sitting without a jury. Defendant does not have a right to a trial by jury.

    (b) At trial, the judge would find the facts, would presume that the Defendant is innocent of the charges and, after hearing all the evidence, must be persuaded of the Defendant's guilt beyond a reasonable doubt.

    (c) At a trial, the government would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    (d) At a trial, Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify. Defendant understands that by pleading guilty he is waiving all of the rights set forth above and understands the consequences of his waiver of those rights.

The Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charge previously dismissed).

Deportation Consequences**:** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under Federal law, crimes involving controlled substances, firearms, aggravated felonies, or moral turpitude are deportable offenses; and the defendant's plea to any such crime may subject him to automatic deportation and removal from the United States. *See* 8 U.S.C. § 1227(a)(2) et seq. Defendant

affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequence includes his automatic deportation and removal from the United States.

Defendant understand that if he is not a United States citizen, he has a right to have an attorney for the government or a federal law enforcement official notify a consular officer from his country of nationality that he has been arrested, and he hereby waives that right.

Pursuant to F.R. Crim. P. 43(b)(2) and (3), the Defendant hereby waives his right to be personally present in open court, upon the entering of his plea and sentencing.

The Defendant hereby advises the court that he has read the foregoing Written Plea Agreement and fully understands the contents of this Agreement. Defendant has had adequate opportunity to discuss the foregoing Written Plea Agreement with his counsel and desires to enter into said agreement.

Signed: _____  Dated: 4/22/24
Defendant **RYAN KEMPF**

Signed: _____  Dated: 4/23/2024
Counsel for Defendant, Kara R. Ottervanger

Signed: _____  Dated: 4/3/2024
Counsel for Government, Sean O. Anderson

U.S. v. **KEMPF**
Change of Plea Agreement